NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-651

ADOPTION OF PORTIA.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother appeals from a decree issued after a trial by a judge of the Juvenile Court, terminating the mother's parental rights to her child, Portia.[2]  Because the arguments on which she relies were not preserved in the trial court, they are waived. See Adoption of Willow, 433 Mass. 636, 651 (2001).  Accordingly, we affirm.

Background.  The relevant procedural history is undisputed, and we briefly summarize it here.  The trial on the mother's parental rights was conducted over thirteen nonconsecutive days in 2023 and 2024.  On the fourth day of trial -- apparently based on a recent competency evaluation of the mother conducted

---

[1] A pseudonym.

[2] Portia's father stipulated to the termination of his parental rights and is not a party to this appeal.

in the District Court, see G. L. c. 123, § 15 -- the mother's counsel requested that the judge appoint a guardian ad litem (GAL) for the mother.  Based on the mother's "diminished capacity," the judge appointed a GAL and specifically directed the GAL in the order to "advise the mother . . . [and] assist her in accessing this trial process."[3]

On the eighth day of trial, marking the GAL's third appearance, the mother left the courthouse.  She did not return for the duration of the trial.  The mother's counsel continued to litigate the case on the mother's behalf,[4] and it is evident from the record that the GAL was present at times.  Neither the mother nor her counsel raised any concerns to the judge during the trial about the GAL's performance or the need for judicial supervision of the GAL's activities.  Although the mother filed a timely notice of appeal after the judge entered the decree terminating the mother's parental rights to Portia, the mother

---

[3] The Juvenile Court Guidelines for Guardians Ad Litem, § III (F) (2016), www.mass.gov/doc/guidelines-for-guardians-ad-litem/download, generally provides that a GAL is appointed in the category of diminished capacity in civil matters "to direct the attorney in the representation of the adult party after the judge has determined that the adult is unable to assist his/her attorney in the preparation and/or presentation of the case."

[4] The mother's first trial attorney was permitted to withdraw midtrial; new counsel was appointed in the mother's absence, and the trial continued.

did not file any posttrial motions raising the issues she argues on appeal.

Discussion.  The mother's primary argument on appeal is that the GAL failed to provide the mother's attorney with direction at trial and consequently, the mother was denied due process; she also presses us to hold that where a "diminished capacity" GAL has been appointed in the Juvenile Court, judges have an affirmative obligation to ensure that the GAL provides counsel with the direction described in the Guidelines.  See generally Juvenile Court's Uniform Practice and Procedure Regarding the Appointment of Guardians Ad Litem, § II (F) (2015), www.mass.gov/info-details/uniform-practice-and-procedure-regarding-the-appointment-of-guardians-ad-litem; The Juvenile Court's Guidelines for Guardians Ad Litem, § III (F) (2016), www.mass.gov/doc/guidelines-for-guardians-ad-litem/download.  Although these arguments raise important concerns, they were not preserved at any stage of the underlying proceedings; as a result, the mother waived them.  See Adoption of Willow, 433 Mass. at 651.  See also Adoption of Jacob, 99 Mass. App. Ct. 258, 270-271 (2021) (applying waiver rule and explaining rationale that timely objection affords trial judge opportunity to correct possible errors in proceedings).

The mother's argument that her waived claims in this civil action must be reviewed for a substantial risk of a miscarriage of justice is misplaced; that standard is applicable to criminal appeals, see, e.g., Commonwealth v. Randolph, 438 Mass. 290, 296 (2002), and the mother has provided us with no precedent for application of that standard in the context of a termination of parental rights.[5]  See Care & Protection of Doretta, 101 Mass. App. Ct. 584, 592 n.6 (2022) (substantial risk of a miscarriage of justice standard not applicable in care and protection cases; standard "reserved for criminal cases, 'quasi criminal' cases, and possibly other involuntary [commitment] cases" [citations omitted]).  Because the mother does not otherwise challenge the judge's findings or her ultimate conclusion -- that the Department of Children and Families proved by clear and convincing evidence that the mother was unfit to parent Portia and that her unfitness was likely to continue indefinitely, see

_____

[5] Even if we were to overlook the waiver issue, it would be difficult to analyze the mother's due process argument without making findings about the GAL's performance and, likely, the judge's supervision of that performance.  Such fact finding is beyond our remit on appellate review.  See Tinsley v. Framingham, 485 Mass. 760, 765 n.12 (2020).

Adoption of Luc, 484 Mass. 139, 144 (2020); Adoption of Virgil, 93 Mass. App. Ct. 298, 301 (2018) -- we affirm the decree.

Decree affirmed.

By the Court (Henry, Hand & Brennan, JJ.[6]),

Clerk

Entered: October 10, 2025.

---

[6] The panelists are listed in order of seniority.